UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-95-FDW

| | |
|---|---|
| DENNIS ROGER VAN DYKE,           )<br>                                                              )<br>                                                              )<br>            Plaintiff,                                    )<br>                                                              )<br>vs.                                                         )<br>                                                              )<br>                                                              )<br>PATRICK BELL, D.A., Rutherford County )<br>Superior Court, et al.,                        )<br>                                                              )<br>            Defendants.                             )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915A and 1915(e). On May 18, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 4). Thus, Plaintiff is proceeding in forma pauperis.

### I.  BACKGROUND

Pro se Plaintiff Dennis Van Dyke is a North Carolina prisoner incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. North Carolina Department of Public Safety records indicate that Plaintiff was convicted of assault with a firearm on a law enforcement officer on November 7, 2013, in Rutherford County, North Carolina. Plaintiff is a frequent and abusive filer of pro se lawsuits in this Court. Plaintiff filed this action on May 14, 2015, naming the following persons as Defendants: (1) "Patrick Bell, DA Rutherford County Superior Court"; (2) "Wayne Abernathy, Judge Superior Court Rutherford County"; (3)

1

Kent W. Brown, identified as Plaintiff's former attorney; (4) "12 Jury Members" of Rutherford County Superior Court; (5) and "Frank D. Whitney, Federal Judge." (Doc. No. 1). In the Complaint, Plaintiff accuses Defendants of, among other things, abusing their power to conspire against Plaintiff to falsely imprison him and "knowingly breaking our laws of this land." (Id. at 3).

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff is a frequent filer of civil rights actions. At least three of Plaintiff's previously filed civil rights actions have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See VanDyke v. Butner Reg'l Forensic Adm'r, 1:12cv149-RJC, Order, Doc. No. 4 at 2 (W.D.N.C. filed July 18, 2012) (citing cases). Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury. Plaintiff fails to demonstrate in his Complaint in this action that he is under imminent danger of serious physical injury as required by § 1915(g). Therefore, this action will be dismissed without prejudice because

2

Plaintiff has not paid the full filing fee.

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice to Plaintiff to refile after paying the full filing fee.[1]

**IT IS, THEREFORE, ORDERED** that:

1. For the reasons stated herein, the Court finds that Plaintiff has failed to show that he is under imminent risk of serious physical injury and he must therefore pay the full filing fee before he may present this § 1983 complaint in federal court. This action will, therefore, be dismissed without prejudice.

2. The Clerk is directed to note on the docket that, pursuant to 28 U.S.C. § 1915(g), Plaintiff must pay the full filing fee in any civil rights lawsuits filed in any federal district court <u>unless he can show that he is under imminent danger of serious physical injury as required by § 1915(g)</u>.

3. The Clerk is respectfully instructed to terminate this action.

Frank D. Whitney
Chief United States District Judge

---

[1] Even if Plaintiff pays the filing fee and re-files this action, however, this action will nevertheless be subject to dismissal because it is wholly frivolous and the various named Defendants are not subject to suit under Section 1983 or enjoy absolute immunity from suit.